# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-0992V
Filed: April 16, 2019
UNPUBLISHED

| | |
|---|---|
| PATRICIA PENDERGRASS,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.*
*Robert Paul Coleman, III, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On July 24, 2017, Patricia Pendergrass ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered from a shoulder injury related to vaccine administration ("SIRVA") as a result of receiving an influenza vaccine in her left shoulder on November 9, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 16, 2019, a ruling on entitlement was issued, finding petitioner entitled to compensation for SIRVA. On April 16, 2019, respondent filed a Rule 4(c) Report and

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Proffer on award of compensation ("Rule 4/Proffer") indicating petitioner should be awarded a total of $116,622.27, representing $4,760.82 in past unreimbursable medical expenses, $95,000.00 for petitioner's actual and projected pain and suffering, and $16,861.45 for petitioner's lost earnings.  Rule 4/Proffer at 3-4.  In the Rule 4/Proffer, respondent represented that petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Rule 4/Proffer.

Pursuant to the terms stated in the attached Rule 4/Proffer, **the undersigned awards petitioner a lump sum payment of $116,622.27 (representing $4,760.82 in past unreimbursable medical expenses, $95,000.00 for petitioner's actual and projected pain and suffering, and $16,861.45 for petitioner's lost earnings) in the form of a check payable to petitioner, Patricia Pendergrass.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.